```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Delronezy Washington, | ) C/A No. 6:09-2106-MBS-WMC |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Capt. T. A. Van Doran;<br>Capt. T. M. Marshall;<br>Det. R. Dixson, | ) |
| Defendants. | ) |

## *Background of this Case*

The plaintiff is a pre-trial detainee at the Dorchester County Detention Center in St. George, South Carolina. In the complaint, the plaintiff does not disclose the occupations of the three defendants, but in the Forms USM-285 (Entry No. 3), the plaintiff indicates that all three defendants are employed by the Dorchester County Sheriff's Department.

The "STATEMENT OF CLAIM" portion of the Section 1983 reveals that this civil rights action arises out of the plaintiff's pending criminal case in the Court of General Sessions for Dorchester County. The plaintiff alleges that his attorney, who is not a party to the above-captioned case, has been helping the prosecution. The plaintiff states that he is innocent, and that the defendants are wrongfully trying to convict him.

No explicit request for relief is listed in Part V of the complaint. In Part V of the complaint, the plaintiff writes:

ANOTHER CASE OF A YOUNG BLACK AFRICAN AMERICAN bEING [*sic*] CAUGHT UP IN THEIR SCREW UP AND BEING UNJUSTLY AND WRONGLY TREATED AND CHARGED WITH A CRIME tHEY [*sic*] CANNOT PROVE.

(Complaint, at page 1 [irregular capitalization in original]).

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. See *Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S.

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even so, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Although the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), is not applicable to the above-captioned case, *see Wallace v. Kato*, 549 U.S. 384 (2007), the above-captioned case is still subject to summary dismissal. Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See*, *e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169-70 (1898); *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873);[3] *Nivens v. Gilchrist*, 319 F.3d 151 (4th Cir. 2003); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*,

---

[3]Although the Supreme Court of the United States has not overruled *Taylor v. Taintor*, an unrelated portion of the decision in *Taylor v. Taintor*, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas. *See Green v. State*, 829 S.W.2d 222, 223 (Tex. Crim. App. 1992) ("However, *Taylor* is not the law in Texas."), *affirming Green v. State*, 785 S.W.2d 955 (Tex. App. Fort Worth 1990).

the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *See also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc* 1976).

In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." The *pro se* plaintiff also does not meet the tests for a preliminary injunction or temporary restraining order enunciated in such cases as *WV Ass'n of Club Owners and Fraternal Services, Inc. v. Musgrave*, 553 F.3d 292 (4th Cir. 2009) (reversing grant of preliminary injunction); *Wetzel v. Edwards*, 635 F.2d 283, 287 (4th Cir. 1980); *North Carolina State Ports Authority v. Dart Containerline Company*, 592 F.2d 749, 750-53 & n. 3 (4th Cir. 1979); *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig*, 550 F.2d 189, 193 (4th Cir. 1977); and *Airport Comm. of Forsyth Co., N.C. v. Civil Aeronautics Board*, 296 F.2d 95, 96 (4th Cir. 1961)(*per curiam*).

In any event, it is clear that the plaintiff has not exhausted his state remedies. If the plaintiff is later convicted and sentenced in his pending criminal case, he has the

4

remedy of filing a direct appeal. *State v. Northcutt*, 372 S.C. 207, 641 S.E.2d 873 (2007). If his direct appeal is unsuccessful, the plaintiff can file an application for post-conviction relief. *See* S.C. Code Ann. § 17-27-10, *et seq*. (Westlaw 2009).

If a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an "appeal" (petition for writ of certiorari) in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535 (1985).[4] South Carolina prisoners have been successful on such appeals in their post-conviction cases. *See, e.g., Davie v. State*, 381 S.C. 601, 675 S.E.2d 416 (2009); and *McKnight v. State*, 378 S.C. 33, 661 S.E.2d 354 (2008).

It is well settled that a direct appeal is a viable state court remedy. *Castille v. Peoples*, 489 U.S. 346, 349-52 (1989). The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is also a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 (4th Cir. 1977). In an application for post-conviction relief, an applicant can raise issues relating to ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Brightman v. State*, 336 S.C. 348, 520 S.E.2d 614 (1999); and *Drayton v. Evatt*, 312 S.C. 4, 430 S.E.2d 517,

---

[4]The Supreme Court of South Carolina has authorized the South Carolina Court of Appeals to hear petitions for certiorari in post-conviction cases upon referral from the Supreme Court of South Carolina. *See* Supreme Court Order 2005-08 (C.O. 08 effective May 1, 2005), Shearouse Advance Sheet # 19; and *Dunlap v. State*, 371 S.C. 585, 641 S.E.2d 431 (2007) ("In appeals from criminal convictions **or post-conviction relief matters**, a litigant is not required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.")(emphasis in original).

519-20 (1993) (issues that could have been raised at trial or on direct appeal cannot be raised in a PCR application absent a claim of ineffective assistance of counsel).

The plaintiff's request for relief in Part V of the complaint is actually a request for an advisory opinion. No true relief is requested. When a litigant has failed to ask for relief, a federal district court "is faced with the prospect of rendering an advisory opinion; federal courts may not render advisory opinions, however." *Humphreys v. Renner*, 1996 WL 88804 (N.D. Cal., Feb. 26, 1996), *following FCC v. Pacifica Foundation*, 438 U.S. 726, 735 (1978) ("[F]ederal courts have never been empowered to issue advisory opinions."). *See also Public Service Co. v. United States Environmental Protection Agency*, 225 F.3d 1144, 1148 n. 4 (10th Cir. 2000) (company's failure to ask for relief constitutes a request for an advisory opinion, which is barred by Article III). *Cf. Herb v. Pitcairn*, 324 U.S. 117, 126 (1945) ("We are not permitted to render an advisory opinion[.]");[5] and *Neitzke v. Williams*, 490 U.S. at 322-330 (*held*: although district courts should not blur the distinction between the standards applicable to a Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted and a dismissal under 28 U.S.C. § 1915 because a claim is frivolous, a patently insubstantial complaint, petition, or pleading may be dismissed). *Cf. United States v. Burlington Northern Railroad Co.*, 200 F.3d 679, 699 (10th Cir. 1999) (refusing to respond to party's "request for guidance in future cases" because the request was "tantamount to a request for an advisory opinion").

---

[5]Other portions of the decision in *Herb v. Pitcairn* have been superannuated by later case law. *See Michigan v. Long*, 463 U.S. 1032 (1983).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

August 18, 2009  
Greenville, South Carolina

s/William M. Catoe  
United States Magistrate Judge

### Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).